IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| NUFIX, INC. and KEN HORTON, | ) | |
| | ) | |
| Plaintiffs, | ) | CV-09-P-0093-S |
| | ) | |
| vs. | ) | CIVIL ACTION NO. _____ |
| | ) | |
| BACTERIN INTERNATIONAL, INC., | ) | (JURY TRIAL DEMANDED) |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

**COME NOW** the Plaintiffs, NuFix, Inc. and Ken Horton, and for their Complaint against Bacterin International, Inc., show unto the Court as follows:

## PARTIES

1. Plaintiff NuFix, Inc. ("NuFix") is a corporation incorporated under the laws of the State of Alabama, with its principal place of business in Jefferson County, Alabama.

2. Plaintiff Ken Horton ("Horton") (Horton and NuFix are collectively, the "Plaintiffs") is an individual residing in Jefferson County, Alabama.

3. Upon information and belief, Defendant Bacterin International, Inc. ("Bacterin" or "Defendant") is a corporation organized under the laws of the State of Nevada, with its principal place of business in Belgrade, Montana.

## JURISDICTION AND VENUE

4. This is a civil action for a violation of 15 U.S.C. § 1125 and for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, along with various state law claims. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338, and 1367.

1717387 v1

5. Venue for this action has been fixed in this judicial district by prior agreement of the parties.

**FACTUAL BACKGROUND**

6. NuFix is an Alabama corporation originally formed to develop and market certain proprietary technology. Of particular relevance to this case, NuFix developed a facet fusion allograft (the "Allograft" or the "NuFix Allograft") and a method of manufacturing the same. NuFix also developed a proprietary set of surgical instruments for use in implanting the Allograft (the "NuFix Instrument Kit"). The Allograft, its manufacture, the NuFix Instrument Kit, and related technology are referred to herein as the "NuFix Technology."

7. Horton is the majority owner of NuFix and principal inventor of the NuFix Technology.

8. The NuFix Technology is the subject of a number of pending patent applications. Additionally, on November 25, 2008, the United States Patent and Trademark Office (the "PTO") issued United States Design Patent No. D581,538 (the "'538 Patent"). The '538 Patent is entitled "Surgical Implant" and is directed to a new, useful and non-obvious ornamental design for a surgical implant (the "Patented Design"). The '538 Patent names Horton as the sole inventor. The '538 Patent complies with all of the requirements of 35 U.S.C. § 1, *et seq*. A copy of the '538 Patent is attached hereto as Exhibit A. By assignment from Horton, NuFix presently owns all right, title and interest in the '538 Patent.

9. The Defendant operates a human tissue bank in Montana.

10. On June 7, 2007, the Defendant and Horton entered into a confidentiality agreement which prohibited the Defendant from using confidential information about the Allograft and the NuFix Technology for any purpose not approved by NuFix (the "Confidentiality Agreement"). The Confidentiality Agreement was intended to be and was

executed for the benefit of NuFix. A copy of the Confidentiality Agreement is attached hereto as Exhibit B.

11. Pursuant to the Confidentiality Agreement, Plaintiffs provided the Defendant with confidential information regarding the Allograft (the "Confidential Information"), including instructing the Defendant regarding Plaintiffs' confidential and proprietary techniques for manufacturing the Allograft.

12. In late 2007, NuFix and the Defendant orally agreed that Defendant would manufacture Allografts for NuFix.

13. In order to enable the Defendant to manufacture the Allografts, NuFix lent the Defendant specialized tooling equipment, including a lathe and customized cutting equipment developed for use in NuFix's confidential and proprietary method of manufacturing the Allograft (the "Tooling"). NuFix owned all rights to the Tooling and allowed Defendant to utilize NuFix's manufacturing methods and the Tooling only for the limited purposes to which the parties' agreed. NuFix also provided the Defendant with fifteen (15) NuFix Instrument Kits for use with the NuFix Allografts.

14. In December 2007, subsequent to the oral agreement between the Defendant and NuFix, the parties began negotiating a formal written agreement for further Allograft production. However, the parties were unable to come to an agreement on terms.

15. In the meantime, Defendant began to manufacture and sell Allografts produced using the NuFix Technology, NuFix's Confidential Information, and NuFix's Tooling for its own benefit, without authorization from NuFix. Some of these attempted sales occurred within this judicial district.

16. NuFix accordingly brought suit in this Court to halt Defendant's misuse of NuFix's tangible and intellectual property. This suit was subsequently settled and dismissed. A true and correct copy of the Settlement Agreement and Release executed by the parties on or about August 28, 2008, is attached hereto as Exhibit C. As part of this settlement, Defendant agreed as follows:

> Upon execution of this Agreement by both Parties, Bacterin agrees to cease all production, manufacturing, marketing, sales or distribution of NuFix Allografts and all use of the "NuFix" name and marks. **Bacterin acknowledges that all Intellectual Property relating to the NuFix Allograft, Tooling and NuFix Instrument Kits is the sole property of NuFix and that Bacterin has no claim or right to use such Intellectual Property. Bacterin reserves the right to develop, manufacture, produce or distribute facet fusion allografts of a <u>different</u> design, but in so doing shall not infringe NuFix's Intellectual Property, and shall not make use of confidential information provided to Bacterin by NuFix or Horton** or otherwise violate its obligations under the Confidentiality Agreement. For purposes of this Agreement, "Intellectual Property" shall mean all of the legal rights arising from or in respect of the following: (i) **patents**; (ii) trademarks, service marks, trade names, brand names, internet domain names and goodwill associated therewith; (iii) copyrights; (iv) trade secrets; and (v) information subject to confidentiality obligations; and (vi) all applications filed, applications to be filed, and registrations relating to any of the foregoing clauses (i)-(v) above.

Ex. C ¶ 7 (emphasis added).

17. As part of the same settlement, Defendant agreed to return all of the NuFix Instrument Kits. Ex. C ¶¶ 4. However, Defendant failed to return one of the Kits, representing to NuFix that it was unable after diligent searches to locate this Kit.

18. NuFix has recently learned that Defendant has again begun to misuse NuFix's intellectual property for its own benefit. Specifically, on information and belief Defendant has recently placed on the market a facet fusion allograft (the "Bacterin Allograft") which is not "different" from, but in fact is remarkably similar in design to, the NuFix Allograft. Defendant wrongfully made use of Plaintiffs' Confidential Information and the NuFix Technology in designing and producing this allograft.

19. On information and belief, the parties' products are so similar that the Bacterin Allograft can be inserted using the surgical instruments used for the NuFix Allograft. Indeed, upon information and belief, Defendant utilized a NuFix Instrument Kit (which it claimed it could not locate and return as required by the parties' Settlement Agreement) to make a virtually identical "knock off" set of instruments (the "Bacterin Instrument Kit"), which it has since offered to customers in conjunction with the Bacterin Allograft.

20. On information and belief, in the eye of an ordinary observer familiar with the prior art to the '538 Patent, giving such attention as a purchaser usually gives, the Bacterin Allograft and the Patented Design are substantially the same and hence the Bacterin Allograft infringes the '538 Patent.

21. On information and belief, Defendant, by itself or through its agents, makes, uses, distributes, offers for sale, sells or causes to be made, used, distributed, offered for sale or sold the Bacterin Allograft.

22. On information and belief, a number of hospitals, through their agents and employees, have purchased and used Bacterin Allografts, and would otherwise have used NuFix Allografts. Defendant's wrongful actions have and will continue to interfere with NuFix's efforts to develop and market its products and technologies. NuFix has been and will continue to be damaged and irreparably injured thereby.

23. As the above facts indicate, Defendant has no rights in the intellectual property belonging to NuFix and Horton, including the NuFix Technology.

24. Defendant is attempting to capitalize upon and exploit the NuFix Technology, the Confidential Information, the Patented Design, and the design of the NuFix Instrument Kit, all of which are rightfully the property of Plaintiffs, for Defendant's own financial gain.

25. Defendant's actions are wrongful and violate Defendant's contractual obligations, as well as the intellectual properties rights of Plaintiffs.

## COUNT I
## INFRINGEMENT OF THE '538 PATENT

26. Plaintiffs reallege and incorporate herein by reference each of the allegations contained in the preceding paragraphs of this Complaint.

27. Defendant had actual or constructive notice of the '538 Patent on or before November 25, 2008.

28. On information and belief, Defendant, without authority or license from Plaintiffs, has infringed and continues to infringe by direct infringement, contributory infringement, or inducement to infringe, the '538 Patent either literally or under the doctrine of equivalents, in violation of 35 U.S.C. § 271 or 35 U.S.C. § 289, by practicing the design claimed by the '538 Patents and by making, selling, offering to sell or distributing products that employ the claimed design in this judicial district and elsewhere throughout the United States.

29. On information and belief, Defendant, without authority or license from Plaintiffs, actively induces others to directly infringe the '538 Patent or contributorily infringe the '538 Patent. This includes, but is not limited to, all hospitals and surgeons using the Bacterin Allograft.

30. On information and belief, Defendant has committed such acts of infringement with knowledge of the '538 Patent.

31. By reason of Defendant's acts of infringement, Plaintiffs have suffered and continue to suffer irreparable harm and damages, including, but not limited to, diminution in the value of the rights granted under the '538 Patent, brand erosion and loss of market share.

Plaintiffs are entitled to recover from Defendant the damages sustained as a result of Defendant's wrongful acts in an amount subject to proof at trial.

32. Such acts of infringement by Defendant have been, and continue to be, willful and deliberate, and Plaintiffs believes such acts will continue in the future, causing irreparable harm for which there is no adequate remedy at law unless enjoined by this Court.

33. Plaintiffs have no adequate remedy at law.

## COUNT II
## TRADE DRESS INFRINGEMENT

34. Plaintiffs reallege and incorporate herein by reference each of the allegations contained in the preceding paragraphs of this Complaint.

35. Various aspects of the NuFix Allograft and NuFix Instrument Kit designs are inherently arbitrary and fanciful and create a distinctive element to Plaintiffs' designs which are unique in appearance (the "NuFix Trade Dress"). The NuFix Trade Dress is readily recognizable to customers and members of the trade who identify Plaintiffs as the source of devices using this design.

36. NuFix is the owner of the NuFix Trade Dress.

37. To the ordinary observer, and to customers and members of the trade, the design of the Bacterin Allograft and the Bacterin instrument kits is substantially similar, if not identical, to the NuFix Trade Dress. The Defendant's duplication of the appearance of the NuFix Trade Dress causes confusion to the observer as to the source and quality of the device, diluting and tarnishing Plaintiffs' reputation.

38. The Defendant's past, present and future sales, offers to sell and distribution of products that employ the NuFix Trade Dress constitute trade dress infringement under 15 U.S.C.

§ 1125. Plaintiff NuFix has been substantially damaged by the Defendant's trade dress infringement.

39. On information and belief, Defendant's trade dress infringement has been and continues to be willful and deliberate.

40. Defendant's infringement has caused irreparable injury to the Plaintiffs' reputation, branding and goodwill, and such injury will continue unless the Defendant is enjoined by this Court.

41. By reason of Defendant's infringement, NuFix is entitled to the full range of relief made available by 15 U.S.C. §§ 1116-1118 (the "Lanham Act"), including injunctive relief, Defendant's associated profits, Plaintiffs' damages and losses, the costs incurred by reason of this action and the destruction of Defendant's infringing articles.

## COUNT III
## TRADE SECRET MISAPPROPRIATION

42. Plaintiffs reallege and incorporate herein by reference each of the allegations contained in the preceding paragraphs of this Complaint.

43. NuFix possesses information concerning its business, including but not limited to methods and processes for developing and manufacturing the Allografts that is not known to the public generally, and which provides NuFix with a business advantage.

44. NuFix's confidential information constitutes a trade secret in that it is used in NuFix's business; it is part of NuFix's method and process of doing business; it is not generally known in the marketplace; it cannot be readily ascertained or derived from publicly available information; NuFix has undertaken efforts to reasonably maintain the secrecy of its confidential information; and NuFix's confidential information has significant economic value.

45. Defendant has obtained this information in confidence, and has made unauthorized use of it, in violation of statutory and common law.

46. Upon information and belief, Defendant has exploited NuFix's trade secrets for the Defendant's own financial gain without NuFix's authorization.

47. Defendant's violations were intentional and/or done with malice, recklessness, or wantonness.

48. NuFix has been and will continue to be damaged and irreparably injured by Defendant's wrongful actions.

## COUNT IV
## BREACH OF CONTRACT

49. Plaintiffs reallege and incorporate herein by reference each of the allegations contained in the preceding paragraphs of this Complaint.

50. Defendant has breached the Confidentiality Agreement (Ex. B) and the Settlement Agreement and Release (Ex. C) by utilizing the Confidential Information, the NuFix Instrument Kit, and the NuFix Technology to develop and produce allografts and instrument kits and sell those products for its own purposes and its own profit without authorization from Plaintiffs.

51. Plaintiffs have been irreparably damaged by Defendant's breaches of contract.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that the Court will enter judgment in their favor and against Defendant as follows:

1. Entering judgment for Plaintiffs that Defendant has directly or indirectly infringed the '538 Patent;

2. Entering judgment for Plaintiffs that Defendant has induced infringement of the '538 Patent;

3. Entering judgment for Plaintiffs that Defendant, its subsidiaries, affiliates, parents, successors, assigns, officers, agents, servants, employees, attorneys, and all persons acting in concert or in participation with Defendant, be preliminarily and permanently enjoined from:

    A. Infringing or inducing infringement of the '538 Patent, and specifically from directly or indirectly making, using, selling or offering for sale, any products embodying the invention of the '538 Patent during its term, without the express written authority of Plaintiffs;

    B. From directly or indirectly making, selling or offering for sale the Bacterin Allograft and the Bacterin Instrument Kit, or any other products confusingly similar in design or appearance to the NuFix Trade Dress;

    C. Passing off its goods or services as those of Plaintiffs;

    D. Engaging in any conduct aimed at or likely to result in diverting business intended for Plaintiffs or injuring Plaintiffs' goodwill or business reputation by way of imitation, misrepresentation, false statements, advertising, fraud or deception.

4. Entering an order compelling Defendant to mail notice letters at its own expense to all customers, distributors, dealers, accounts, salesmen, employees, contractors and suppliers, informing them that Defendant has committed patent infringement against Plaintiffs and that Defendant has no affiliation, connection or other business relationship, requesting that they return to Defendant for full credit or refund all of Defendant's products using the infringing design or purchased for use in conjunction with Defendant's products using the infringing design.

5. Entering an order commanding that Defendant deliver to Plaintiffs for destruction all advertising, products, labeling, packaging, sales or promotional literature, owner's manuals,

catalogs, displays, boxes, packages and other trade pieces within their possession or control which use the infringing design.

6. Awarding damages adequate to compensate Plaintiffs for Defendant's infringement under 35 U.S.C. § 284 and the Lanham Act;

7. Finding that Defendant breached the Confidentiality Agreement and the Settlement Agreement and Release and awarding compensatory damages to Plaintiffs in an amount to be determined by the trier of fact;

8. Awarding compensatory and, if appropriate, punitive damages to the Plaintiffs pursuant to the trade secret laws;

9. Awarding damages pursuant to 35 U.S.C. § 289;

10. Determining that this is an exceptional case under 35 U.S.C. § 285 and awarding Plaintiffs their reasonable attorneys' fees, costs and expenses;

11. Awarding reasonable attorney fees, costs and expenses in this action to Plaintiffs pursuant to 15 U.S.C. § 1117(a) and the trade secret laws;

12. Imposing a constructive trust on all revenue, income and things of value derived by Defendant in association with the manufacturing, importing, distributing, marketing or selling of imitative allografts;

13. Awarding Plaintiffs treble damages by reason of Defendant's willful and deliberate infringement; and

14. Awarding Plaintiffs such other and further relief as this Court deems just and proper.

**Plaintiffs request a trial by struck jury on all issues so triable.**

DATED: January 16, 2009.

Respectfully submitted,

_____
Howard P. Walthall, Jr. (WALTH1113)
James A. Hoover (HOOVJ1490)
Ellen T. Mathews (MATHE7624)

Attorneys for Plaintiffs NuFix, Inc. and Ken Horton

**OF COUNSEL:**

BURR & FORMAN LLP
3400 Wachovia Tower
420 North 20th Street
Birmingham, Alabama 35203
Telephone: 205-251-3000
Facsimile: 205-458-5100

**DEFENDANT WILL BE SERVED PURSUANT TO RULE 4 OF THE FEDERAL RULES OF CIVIL PROCEDURE AT THE FOLLOWING ADDRESS:**

Bacterin International, Inc.
600 Cruiser Lane
Belgrade, Montana 59714