**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| NUFIX, INC. and KEN HORTON, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )  CIVIL ACTION NO.: CV-09-P-0093-S |
| | ) |
| BACTERIN INTERNATIONAL, INC., | ) |
| | ) |
| Defendant. | ) |

**ANSWER AND AFFIRMATIVE DEFENSES
TO AMENDED COMPLAINT AND COUNTERCLAIM**

Defendant Bacterin International, Inc ("Bacterin"), pursuant to <u>Federal Rules of Civil Procedure</u>, Rules 7, 12 and 13, hereby submits its Answer and Affirmative Defenses to Plaintiffs' Amended Complaint and asserts its Counterclaim against Plaintiffs Nufix, Inc. and Ken Horton.

**ANSWER TO AMENDED COMPLAINT**

**PARTIES**

1. Bacterin is without sufficient information to admit or deny the allegations of Paragraph No. 1 of the Amended Complaint and therefore denies the allegations of Paragraph No. 1 of the Amended Complaint.

2. Bacterin is without sufficient knowledge to either admit or deny the allegations of Paragraph No. 2 of the Amended Complaint and therefore denies the allegations of Paragraph No. 2 of the Amended Complaint.

3. Admitted.

## JURISDICTION AND VENUE

4. Bacterin admits this Court has subject matter jurisdiction over this action. Bacterin denies the remaining allegations of Paragraph No. 4 of the Amended Complaint.

5. Bacterin admits venue is proper in this District Court. Bacterin denies the remaining allegations of Paragraph No. 5 of the Amended Complaint.

## FACTUAL BACKGROUND

6. Bacterin denies that NuFix developed the method of manufacturing the NuFix Allograft. Bacterin is without sufficient knowledge to either admit or deny the remaining allegations of Paragraph No. 6 of the Amended Complaint and therefore denies the allegations of Paragraph No. 6 of the Amended Complaint.

7. Bacterin is without sufficient knowledge to either admit or deny the allegations of Paragraph No. 7 of the Amended Complaint and therefore denies the allegations of Paragraph No. 7 of the Amended Complaint.

8. Bacterin admits the United States Patent and Trademark Office issued United States Design Patent Number D581,538 on November 25, 2008. Bacterin admits the '538 patent is entitled "Surgical Implant" and that Plaintiff Ken Horton ("Mr. Horton") is named as the inventor. Bacterin denies the '538 patent is directed to a new, useful and non-obvious ornamental design. Except as expressly admitted or denied, Bacterin is without sufficient knowledge to either admit or deny the remaining allegations of Paragraph No. 8 of the Amended Complaint and therefore denies the allegations of Paragraph No. 8 of the Amended Complaint.

9. Denied.

10. Bacterin admits it entered into a "Confidentiality and Non-Disclosure Agreement" with Mr. Horton. Bacterin admits a copy of the Confidentiality and Non-Disclosure Agreement

is attached as Exhibit B to the Amended Complaint. Except as expressly admitted, Bacterin denies the remaining allegations of Paragraph No. 10 of the Amended Complaint.

11. Bacterin admits Mr. Horton provided Bacterin with information regarding the NuFix Allograft and its manufacture. Except as expressly admitted, Bacterin denies the remaining allegations of Paragraph No. 11 of the Amended Complaint.

12. Admitted.

13. Bacterin admits Nufix provided Bacterin some equipment and fifteen (15) instrument kits. Except as expressly admitted, Bacterin denies the remaining allegations of Paragraph No. 13 of the Amended Complaint.

14. Bacterin admits that Bacterin and Nufix had an oral agreement and that attempts to formalize that oral agreement failed. Except as expressly admitted, Bacterin denies the remaining allegations of Paragraph No. 14 of the Amended Complaint.

15. Denied.

16. Bacterin admits NuFix brought suit against Bacterin and that case was settled and dismissed with prejudice. Bacterin admits a copy of the Settlement Agreement and Release is attached as Exhibit C to the Amended Complaint. Except as expressly admitted, Bacterin denies the remaining allegations of Paragraph No. 16 of the Amended Complaint.

17. Denied.

18. Bacterin denies that it has misused Nufix's intellectual property for its own benefit, denies the Bacterin Allograft is remarkably similar to the design of the Nufix Allograft and denies it has wrongfully made use of Plaintiffs' confidential information and Nufix technology in designing and producing the Bacterin Allograft. Bacterin admits Exhibit D to the Amended Complaint is a depiction of the Bacterin Allograft from Bacterin's website. Except as

expressly admitted or denied, Bacterin denies the remaining allegations of Paragraph No. 18 of the Amended Complaint.

19. Bacterin denies it utilized a NuFix instrument kit to make an identical "knock off" set of instruments or offered a "knock off" set to its customers. Bacterin is without sufficient knowledge to either admit or deny the remaining allegations of Paragraph No. 19 of the Amended Complaint and therefore denies the remaining allegations of Paragraph No. 19 of the Amended Complaint.

20. Denied.

21. Bacterin admits it manufactures, distributes, offers for sale and sells the Bacterin Allograft.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

## COUNT I

## INFRINGEMENT OF THE `538 PATENT

26. Bacterin hereby incorporates and realleges its answers to Paragraph Nos. 1 through 25 of the Amended Complaint as though fully set forth.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

## COUNT II

## TRADE DRESS INFRINGEMENT

34. Bacterin hereby incorporates and realleges its answers to Paragraph Nos. 1 through 33 of the Amended Complaint as though fully set forth.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

## COUNT III

## TRADE SECRET MISAPPROPRIATION

42. Bacterin hereby incorporates and realleges its answers to Paragraph Nos. 1 through 41 of the Amended Complaint as though fully set forth.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

## COUNT IV

## BREACH OF CONTRACT

49. Bacterin hereby incorporates and realleges its answers to Paragraph Nos. 1 through 48 of the Amended Complaint as though fully set forth.

50. Denied.

51. Denied.

## PRAYER FOR RELIEF

Bacterin denies that Plaintiffs are entitled to any of the relief sought in its prayer for relief as set forth in Paragraphs (1) through (14).

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Defendant denies each and every allegation of Plaintiffs' Amended Complaint not explicitly admitted and demands strict proof thereof.

### SECOND DEFENSE

Plaintiffs' Amended Complaint fails to state a claim upon which relief may be granted.

### THIRD DEFENSE

Plaintiffs' claims may be subject to binding arbitration.

### FOURTH DEFENSE

Plaintiffs lack standing to bring these claims.

### FIFTH DEFENSE

Plaintiffs' claims are barred by the doctrine of *In pari delicto.*

## SIXTH DEFENSE

Defendant pleads waiver, estoppel, laches and release.

## SEVENTH DEFENSE

Plaintiffs' claims are barred by payment, accord and satisfaction, ratification, consent and acquiescence.

## EIGHTH DEFENSE

Plaintiffs' patent is invalid for, among others, the following reasons:

1. The facet fusion existed before the date of the invention on the Patent Application;

2. The '538 Patent is for a device that is obvious to anyone with reasonable knowledge or skill in facet fusion; and

3. Plaintiffs did not exercise reasonable diligence in pursuing a Patent Application.

## NINETH DEFENSE

Plaintiffs' claims are barred because they violated the Patent Exhaustion/First Sale doctrine.

## TENTH DEFENSE

Plaintiffs' patent ('538 Patent) is unenforceable.

## ELEVENTH DEFENSE

The '538 Patent is unenforceable because of the inequitable conduct of Mr. Horton and Nufix.

## TWELFTH DEFENSE

Bacterin has not infringed on the '538 Patent.

## THIRTEENTH DEFENSE

Bacterin was issued a license to manufacture the patented product.

## FOURTEENTH DEFENSE

Plaintiffs' product is not unique in appearance and does not constitute "trade dress."

## FIFTEENTH DEFENSE

The allegedly infringing trade dress feature is "functional".

## SIXTEENTH DEFENSE

The allegedly infringing trade dress is not likely to cause confusion with the Plaintiffs' product.

## SEVENTEENTH DEFENSE

Plaintiffs' alleged trade dress has no secondary meaning.

## EIGHTEENTH DEFENSE

Plaintiffs' alleged trade dress is not suggestive, arbitrary or fanciful.

## NINETEENTH DEFENSE

Plaintiffs are not entitled to the remedies sought under 35 U.S.C. §§ 284 or 289.

## TWENTIETH DEFENSE

The alleged trade secrets are publically known and generally known in the trade or business.

## TWENTY-FIRST DEFENSE

The alleged trade secrets are readily ascertained or derived from publically available information.

## TWENTY-SECOND DEFENSE

No actions or conduct of Defendant caused Plaintiffs' alleged damages.

## TWENTY-THIRD DEFENSE

The damages asserted on behalf of the Plaintiffs are the result of an intervening and/or superseding cause.

## TWENTY-FOURTH DEFENSE

Plaintiffs have not suffered an injury in fact.

## TWENTY-FIFTH DEFENSE

Plaintiffs have not suffered any injury or damage by reason of any act or omission by Defendant or by any person or entity under its control.

## TWENTY-SIXTH DEFENSE

Plaintiffs failed to mitigate their damages.

## TWENTY-SEVENTH DEFENSE

Defendant denies it is guilty of any conduct entitling Plaintiffs to recover punitive damages.

## TWENTY-EIGHTH DEFENSE

Any award of punitive damages to Plaintiffs in this case will be violative of the constitutional safeguards provided to it under the Constitution of the State of Alabama.

## TWENTY-NINTH DEFENSE

Any award of punitive damages to Plaintiffs in this case will be violative of the constitutional safeguards provided to them under the Constitution of the United States of America.

## THIRTIETH DEFENSE

Any award of punitive damages to Plaintiffs in this case will be violative of the constitutional safeguards provided to Defendant under the Due Process Clause of the Fourteenth

Amendment to the Constitution of the United States in that the determination of punitive damages under Alabama law is vague; is not based upon any objective standards; is, in fact, standardless; and is not rationally related to legitimate government interests.

## THIRTY-FIRST DEFENSE

Any award of punitive damages to Plaintiffs in this case will be violative of the constitutional safeguards provided to them under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States in that the determination of punitive damages under Alabama law does not bear any reasonable relationship to the amount of actual and/or compensatory damages suffered or awarded to Plaintiffs.

## THIRTY-SECOND DEFENSE

Any award of punitive damages to Plaintiffs in this case will be violative of the procedural safeguards provided to them under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and consequently, they are entitled to the same procedural safeguards afforded to criminal defendants.

## THIRTY-THIRD DEFENSE

It is violative of the self-incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose against Defendant punitive damages, which are penal in nature, yet compel Defendant to disclose potentially incriminating documents and evidence.

## THIRTY-FOURTH DEFENSE

1. Plaintiffs' claim of punitive damages violates the Fourth, Fifth, Sixth, and Fourteenth Amendments of the Constitution of the United States, and Article I Section 6 of the Constitution of Alabama, on the following grounds:

(a) It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against civil defendants upon Plaintiffs satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b) The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

(c) The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendant, which thereby violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

(d) The procedures pursuant to which punitive damages are awarded fail to provide specific standards, or provide vague or insufficient standards, for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(e) The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(f) The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth

Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(g)     The procedures pursuant to which punitive damages are awarded fail to require that an award of punitive damages be proportionate, or bear a reasonable relationship, to the actual harm incurred.

(h)     The procedures pursuant to which punitive damages are awarded fail to provide mitigating factors for the jury's consideration in awarding punitive damages.

2.     Plaintiffs' claim of punitive damages violates the due process clause of Article I, Section 6 of the Constitution of Alabama on the following grounds:

(a)     It is a violation of the due process clause to impose punitive damages, which are penal in nature, upon a civil defendant based upon Plaintiffs satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)     The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against the Defendant;

(c)     The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

(d)     The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and

(e)     The award of the punitive damages in this case constitutes a deprivation of property without due process of law.

3.     The award of punitive damages to Plaintiffs in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth

Amendments of the United States Constitution and Article I, Section 6 of the Alabama Constitution.

4. The award of punitive damages against Defendant in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article I, Section 22 of the Constitution of Alabama.

### THIRTY-FIFTH DEFENSE

Plaintiffs' claim for punitive damages is violative of the separation of powers clause of the United States Constitution and/or the Alabama Constitution to the extent that it exceeds the legislative cap imposed by the Alabama legislature in Alabama Code § 6-11-21.

### THIRTY-SIXTH DEFENSE

To the extent that Plaintiffs' demand for punitive damages may result in multiple punitive damage awards to be assessed for the same act or omission against Defendant, this award contravenes Defendant's rights to due process under the Fourteenth Amendment of the United States Constitution and the due process clause of Article 1, Section 13 of the Alabama Constitution. In addition, such award would infringe upon Defendants' rights against double jeopardy insured by the Fifth (5th) Amendment of the United States Constitution and/or Article 1, Section 9 of the Alabama Constitution.

### THIRTY-SEVENTH DEFENSE

Any punitive damage award would unconstitutionally encroach upon Defendant's right to open access to the courts of this State in violation of the United States Constitution and Article 1, Section 13 of the Alabama Constitution and Defendant's right to due process under the Fourteenth Amendment, jointly and separately.

### THIRTY-EIGHTH DEFENSE

The assessment of punitive damages in this action would impinge upon the Commerce Clause of Article 1, Section 8 of the United States Constitution as it constitutes an undue and unreasonable burden on interstate commerce. Alternatively, such an award is violative of the Commerce Clause to the extent that such an award punishes acts or omissions which have allegedly occurred solely outside of the state boundaries.

### THIRTY-NINTH DEFENSE

The imposition of punitive damages in this case would violate Defendant's rights under the Contract Clause of Article 1, Section 10 of the United States Constitution and Article 1, Section 22 of the Alabama Constitution in that it would impair the contractual obligations of parties to this litigation.

### FORTIETH DEFENSE

The award of punitive damages in this case would contravene the constitutional prohibition against *ex post facto* laws as found in Article 1, Section 22 of the Alabama Constitution.

### FORTY-FIRST DEFENSE

Defendants specifically incorporate by reference any and all standards or limitations regarding the determination or enforceability of punitive damage awards which arose in the decision, BMW of North America, Inc. v. Gore, 116 S. Ct. 1589 (1996).

### FORTY-SECOND DEFENSE

An award of punitive damages which is in excess of the maximum amount specified in Ala. Code §§ 6-11-20 to 6-11-30 (1975) is barred.

## FORTY-THIRD DEFENSE

Defendant reserves the right to amend this Answer and Affirmative Defenses and to assert any additional and further defenses that may constitute an avoidance of liability or affirmative defense as may be revealed during discovery or upon receipt of additional information.

## COUNTERCLAIM

Defendant, Bacterin International, Inc. ("Bacterin"), pursuant to Federal Rules of Civil Procedure, Rule 13, hereby states this Counterclaim against Plaintiffs Nufix, Inc. and Mr. Horton.

## PARTIES

1. Bacterin is a corporation organized and existing under the laws of the State of Nevada, with its principal place of business in Belgrade, Montana.

2. Upon information and belief, Nufix is a corporation organized and existing under the laws of the State of Alabama, with its principal place of business in Jefferson County, Alabama.

3. Upon information and belief, Ken Horton is an individual residing in Jefferson County, Alabama.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over these counterclaims under 28 U.S.C. §§ 1331, 1338, 1367, 2201 and 2202.

5. To the extent personal jurisdiction and venue in this district are proper for Nufix and Mr. Horton's claim, personal jurisdiction and venue are proper for Bacterin's Counterclaims.

## BACKGROUND

6. Nufix and Horton has filed suit alleging that Bacterin infringes or has infringed the '538 Patent.

7. Bacterin denies it infringes or has infringed any claim of the '538 Patent.

8. Bacterin denies the '538 Patent is valid.

9. Upon information and belief, Mr. Horton filed an application for the '538 Patent on or about December 14, 2007.

10. Prior to that time, allografts were manufactured and sold by other entities.

11. For more than a year prior to the application of the '538 Patent, allografts were being used by the public.

12. Based on the foregoing, there is an actual, immediate, and justifiable controversy between Nufix, Mr. Horton and Bacterin as to the validity of the '538 Patent.

## COUNT I

## (DECLARATORY JUDGMENT-VALIDITY OF '538 PATENT)

13. Bacterin hereby incorporates and realleges Paragraph Nos. 1 through 12 of its Counterclaim as though fully set forth.

14. The '538 Patent is invalid for failure to comply with the provisions of Title 35 of the U.S. Code, including without limitation, 35 U.S.C. §§ 101, 102, 103, 112 and 171.

## PRAYER FOR RELIEF

WHEREFORE, Bacterin requests the following relief:

(a) That the '538 Patent be declared invalid; and

(b) That this Court grant such Order and further relief to Bacterin as this Court may deem just, equitable, appropriate and necessary.

## DEMAND FOR JURY TRIAL

Bacterin requests a **jury trial** on all issues triable to a jury.

Dated this the 12th day of February, 2009.

                                             *s/ Britt Monroe*
                                             E. Britt Monroe (ASB-1454-O72E)
                                             W. Hill Sewell (ASB-8800-L74W)
                                             Carrie J. Dunn (ASB-7392-C96C)
                                             ***Attorneys for Bacterin International, Inc.***

**OF COUNSEL:**
LLOYD, GRAY & WHITEHEAD, P.C.
2501 Twentieth Place South, Suite 300
Birmingham, Alabama 35223
Telephone:    (205) 967-8822
Facsimile:     (205) 967-2380

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of February, 2009, a true and correct copy of the foregoing has been furnished, via e-filing, upon the following parties:

Howard P. Walthall, Jr.
James A. Hoover
Ellen T. Mathews
BURR & FORMAN, LLP
3400 Wachovia Tower
420 North 20th Street
Birmingham, Alabama 35203

*s/Britt Monroe*
OF COUNSEL